{¶ 63} I respectfully dissent. I would find that trial counsel's violation of his essential duty significantly prejudiced Hines. Although I agree that counsel may pursue a reasonable *Page 20 
trial strategy, nothing that defense counsel did during Hines' trial constituted a reasonable strategy. His performance was woefully deficient and denied Hines a fair trial.
 {¶ 64} First, counsel's choice to raise old convictions rather than bifurcating or pleading to the prior conviction and RVO specifications is incredible. The trial judge intervened in an effort to assure a fair trial, but to no avail.
 {¶ 65} Secondly, the choice of a self-defense theory when no witness or evidence could corroborate the victim's act of choking Hines was also not sound trial strategy.
 {¶ 66} Counsel's failure to ask for an instruction on attempted voluntary manslaughter and aggravated assault also demonstrates his further breach of his duty to Hines, which prejudiced his client. Hines testified about the victim's harassing him and name-calling and their prior verbal altercations. Counsel failed to call any witnesses to testify about the racial tension that Hines and his wife had experienced. The jury could reasonably have found that Hines acted under passion or rage brought on by serious provocation. Therefore, an instruction on inferior degree charges was warranted.
 {¶ 67} Finally, counsel was ineffective for not arguing the allied offense issue, which Hines raises in his sixth assignment of error. I disagree with the majority's conclusion "that separate incidents were involved and that a separate animus existed" merely because Hines attempted to shoot the gun a second time.
 {¶ 68} Therefore, I would reverse and remand for a new trial. *Page 1